Lawrence *v.* Hand et al.

*Doe* v. *Wilson,* 2 Stark. 477, note. But, for the errors before stated; the judgment is reversed, and new trial awarded.*

23  103
72  432

## PETER P. LAWRENCE *vs.* JOHN H. HAND et al.

In this case, it appears that both L. and B. are endeavoring to secure an advantage obtained by a breach of duty on the part of H. *Held*, that no man can hold an interest obtained through the fraud of another, any more than if the fraud were committed by himself.

Neither L. nor B. can be permitted to derive any benefit from the act of H., the sale being invalid because of constructive, if not for actual fraud, and must be declared void.

THIS is an appeal from the vice-chancery court at Columbus; Hon. Henry Dickinson, vice-chancellor.

The facts of the case are sufficiently set forth in the opinion of the court.

*Evans & Tapp,* for plaintiff in error.

*Harris & Harrison,* for defendant in error.

Mr. Justice CLAYTON delivered the opinion of the court.

Lawrence, the complainant, filed his bill to enforce a title to a house and lot in Columbus, acquired at a sale under a deed of trust. The deed of trust was executed by R. S. Blount, to secure payment of a large amount of stock taken by him in the Real Estate Banking Company, of Columbus. Blount, at the time of executing the deed of trust, had only an equitable title to the lot, and the object of the bill, in part, was to procure a decree for the legal title from Bartee, who sold to Blount. The defendant, Hand, purchased the same lot under a junior deed of trust, and he makes his answer a

---

* A petition for re-argument in this case was filed by the counsel for defendant, but refused by the court.

cross-bill, and seeks to set aside the sale to the complainant, on the ground of fraud, and to obtain a decree for the legal title to himself.

The complainant was not present at the first sale. The property was bid in by R. T. Hoskins, who was his son-in-law, and who was likewise the assignee and agent of the banking company, entrusted with the management of all its business. In his deposition he states that, at the time of the sale, he gave in the name of Lawrence as the purchaser; that he paid the money of Lawrence for it, and that he caused the deed to be made to him, some eighteen months afterwards. He also stated that, after the sale, he took possession of the property, and rented it to one E. C. Eggleston.

On the other hand, Blount, who was examined as a witness without objection, says: " That the object of the sale was to free the property from the incumbrance of the deed of trust to the bank, so that it could be used for the payment or security of his private indebtedness; that the purchase was for his benefit; that the sale of the property had no connection with the payment of what he owed the bank in truth, for he paid to the bank all that he had to pay, without regard to what the property sold for; and that Hoskins had no just right to have it conveyed to Lawrence."

Abram Murdock, who was the trustee in the deed of trust, under which Hand purchased, testifies that after the sale to Hand, he discovered that the lot had been conveyed to the complainant. He then informed Blount of it, who seemed surprised, and they both immediately went to Hoskins. Blount asked him, if he, Blount, did not furnish him with the money to buy the lot, when it was sold under the first deed of trust. Hoskins admitted that he did, and at the instance of Blount wrote a statement of those facts to the complainant, and requested him to relinquish his claim to the property. E. C. Eggleston denies that he ever rented the property of Hoskins, or of any one but Blount.

From this it appears that there is a direct conflict in the testimony. The interest of Blount is so manifest, as to make his evidence of little weight. But Murdock and Eg-

gleston, who are obnoxious to no such objection, both contradict Hoskins. But it is not necessary to dwell upon the proof. There was evidently some understanding between Blount and Hoskins in regard to the sale. The object of the sale was fraudulent, and in violation of the intention of the deed of trust. That intention was to secure the Real Estate Banking Co.; the intention of the sale " was to get rid of the incumbrance, and had no connection with the payment of what Blount owed the bank." As the agent of the bank, it was the duty of Hoskins to have made the property bring as much as possible. As the agent of Lawrence or of Blount, it was his duty to buy it for as little as possible. These opposite positions involve duties that are irreconcilable. We have decided that a sale, under such circumstances, cannot stand. *White* v. *Trotter*, 14 S. & M. 30. It is also settled, that no one can hold an interest obtained through the fraud of another, any more than if the fraud were committed by himself. *Bowers* v. *Johnson*, 10 S. & M. 173. Hence, neither Lawrence nor Blount, both of whom are endeavoring to secure an advantage obtained by a breach of duty on the part of Hoskins, can be permitted to take any benefit under that sale. It is invalid, because of constructive, if not of actual fraud, and must be declared void. The consequence is, that the original bill must be dismissed, at the costs of the complainant. To this extent the decree of the court below is affirmed.

But the decree is erroneous, so far as it directs a conveyance of the legal title to be made to Hand, the complainant in the cross-bill. The original deed of trust to the Real Estate Banking Co. is still in force ; the sale under it being set aside, but the deed itself not being affected. We can make no decree which might interfere with the rights of the company, because it is no party to this suit. It is true the interest of the company may be of no practical value, because of its admitted insolvency, yet that is a question not now before us, and one which cannot be decided, in the controversy between the present parties. The cross-bill, therefore, will likewise have to be dismissed, at the costs of the party who filed it.

The decree is reversed, and a decree directed to be entered in this court, dismissing both the bill and the cross-bill, at the costs of the complainant in each.